Timothy M. Bechtold
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net
    Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **MARIO GOMEZ,**<br><br>              **Plaintiff,**<br><br>vs.<br><br>**CORECIVIC, INC. d/b/a CROSSROADS CORRECTIONAL CENTER, and AARON INFANGER,**<br><br>              **Defendants.** | CV-24-84-GF-DWM<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

1.    This is an action for deprivation of civil rights under color of law, and for negligence, and other wrongful acts. This action arises out of both federal and state law for damages resulting from the unlawful conduct of Defendants Aaron Infanger and CoreCivic (otherwise known as the "Crossroads" or "CCC").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 42 U.S.C. §1983.

3. Jurisdiction for state law claims against all Defendants pursuant to the law of the State of Montana is conferred upon this Court pursuant to 28 U.S.C. §1367.

4. Venue in this case is proper under 28 U.S.C. §1391 and LR 1.2. Defendant Crossroads is located in the Great Falls Division of the United States District Court for the District of Montana. The events giving rise to the claims in this case occurred in this judicial district.

5. Because Plaintiff makes no allegations against the State of Montana, pursuant to MCA §2-9-301, he is not required to file administrative claims prior to filing this action.

6. Plaintiff Mario Gomez is a citizen of the State of Montana currently incarcerated at Montana State Prison.

7. Based on information and belief, Defendant Aaron Infanger is a citizen of the State of Montana and currently a resident of Great Falls, Montana. At all times relevant to this lawsuit, Defendant Infanger was an employee of Crossroads.

8. CoreCivic, Inc. (otherwise known as the "Crossroads" or "CCC") is a Tennessee corporation doing business in Shelby, Montana. It is liable for the conduct of its employees.

9.  CoreCivic, Inc. has a contract with the State of Montana Department of Corrections to incarcerate individuals convicted of crimes.

## FACTUAL ALLEGATIONS

10. Mario Gomez ("Gomez") was incarcerated at CCC on or about October 18, 2021.

11. On or about October 18, 2021, Defendant Infanger was employed at CCC as a correctional officer.

12. At or about 4:30 pm on or about October 18, 2021, Defendant Infanger sprayed Gomez three times in the face with oleoresin capsicum spray.

13. Gomez suffered damage to his eyes from the oleoresin capsicum sprayed by Defendant Infanger.

14. Gomez continues to suffer from damage to his eyes from the oleoresin capsicum sprayed by Defendant Infanger, and he also suffers from post-traumatic stress disorder caused by the oleoresin capsicum sprayed by Defendant Infanger, and suffers from increased anxiety and emotional distress.

15. For spraying Gomez with oleoresin capsicum, Defendant Infanger was convicted of mistreating prisoners and sentenced to 36 months (deferred) on April 11, 2024, in Montana Ninth Judicial District Court, Toole County, by Judge Gregory Bonilla in case number DC-22-11.

## COUNT 1
## 42 USC § 1983

16. Plaintiff hereby incorporates all previous paragraphs.

17. 42 USC §1983 provides, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .."

18. At all relevant times, Defendant Infanger acted under color of law, statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of CoreCivic, Inc. State authority has been imputed to CCC and its staff by virtue of CCC's contract with the State of Montana, Montana Department of Corrections, and Montana State Prison.

19. At all relevant times, CCC's agent, Defendant Infanger, acted within the course and scope of his employment and/or under the authority conferred to him by virtue of CCC's contract with the State of Montana.

20. At all pertinent times during his interactions with Gomez, Defendant Infanger acted under color of law, statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of CCC.

21. At all pertinent times in which he interacted with Gomez, Defendant Infanger acted within the course and scope of his employment at CCC.

22. Defendant Infanger, while acting under color of law, deprived Gomez of his civil rights under the Fourteenth Amendment for bodily integrity and due process.

23. Defendant Infanger deprived Gomez of rights secured under the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment.

24. Defendant CCC failed to protect Gomez from the substantial risk of harm by failing to adequately train and staff the CCC facility.

25. Defendant CCC's failure to adequately train and staff the CCC facility demonstrates deliberate indifference to the substantial risk of serious harm to CCC residents.

26. Defendant CCC's deliberate indifference regarding the substantial risk of harm arising from the failure to adequately train and staff the CCC facility was the direct and proximate cause of permanent damage to Gomez' physical, emotional, and mental health and has resulted in substantial ongoing pain and suffering.

27. The acts and omissions of Defendants Infanger, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

28. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Gomez's constitutional deprivations, injuries, and damages. Gomez suffered and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Gomez to sustain damages in a sum to be determined at trial.

## COUNT 2
## VIOLATION OF MONTANA CONSTITUTIONAL RIGHTS

29. Plaintiff hereby incorporates all previous paragraphs.

30. Defendants are state actors and entities subject to the Montana Constitution.

31. Gomez is a person protected by the Montana Constitution.

32. The Montana Constitution, Article II, §3 provides: "All persons are born free and have certain inalienable rights. They include the right to a clean and healthful

environment and the rights of pursuing life's basic necessities, enjoying and defending their lives and liberties, acquiring, possessing and protecting property, and seeking their safety, health and happiness in all lawful ways."

33. The Montana Constitution, Article II, §4 provides: "The dignity of the human being is inviolable. No person shall be denied the equal protection of the laws."

34. The Montana Constitution, Article II, §22 provides: "Excessive bail shall not be required, or excessive fines imposed, or cruel and unusual punishments inflicted."

35. Pursuant to the Montana Constitution, *see Dorwart v. Caraway*, 58 P.3d 128 (Mont. 2002), Gomez has the fundamental, inalienable, and self-executing rights to individual privacy; to be secure in his person, papers, home, and effects from unreasonable searches and seizures; and not to be deprived of life, liberty, or property without due process of law.

36. These Constitutional Rights are fundamental, self-executing, and violations of these rights are remedied by monetary damages.

37. Defendants' acts and omission related to the incidents described above violated Gomez' rights established by the Montana Constitution.

38. Defendants' conduct violated Gomez's human dignity, and resulted in his suffering a cruel and unusual punishment.

39. Gomez has the right to seek recourse against those who violate his constitutional rights.

40. Each of the foregoing acts and/or omissions directly and proximately caused or contributed to Gomez' constitutional deprivations, injuries, and damages, and Gomez is entitled to compensatory damages and attorneys' fees for Defendants' violations of his state constitutional rights.

## COUNT 3
## NEGLIGENCE

41. Plaintiff hereby incorporates all previous paragraphs.

42. At all times pertinent to this Complaint, Defendants Infanger and CCC owed Gomez a duty of reasonable care under state law to act lawfully and protect Gomez's constitutional, statutory, and common law rights.

43. At all times pertinent to this Complaint, Defendants Infanger and CCC were subject to a duty of care under state law in the exercise of the custodial function to protect Gomez' constitutional, statutory, and common law rights. The conduct of Defendants as set forth in this Complaint does not comply with the standard of care and included negligent hiring, training, supervision, and discipline of correctional officers; negligent enactment, enforcement, and violation of correctional and law enforcement policies and procedures; negligent violation of Gomez' constitutional, statutory, and common law rights; and negligent performance of official duties.

44. As a direct and proximate result of Defendants Infanger's and CCC's negligence, Gomez suffered deprivations, injuries, and damages.

## COUNT 4
## ASSAULT & BATTERY

45. Plaintiff hereby incorporates all previous paragraphs.

46. Defendant Infanger intentionally made harmful or offensive contact with Gomez.

47. Defendant Infanger' intentional acts constituted assault and battery upon Gomez, and directly and proximately caused injuries to Gomez.

48. Gomez is entitled to relief for being assaulted by Defendant Infanger while under her custody and control.

## COUNT 5
## NEGLIGENCE PER SE

49. Plaintiff hereby incorporates all previous paragraphs.

50. Defendant Infanger has been convicted of violation of MCA §45-5-204 due to his interactions with Gomez as described above.

51. As a result of Infanger' violation of MCA §45-5-204, he is liable for negligence per se, and caused damage and injury to Gomez.

## COMPENSATORY DAMAGES

52. As a direct result of Defendants' unlawful conduct, Gomez suffered violations of his constitutional rights as set forth above.

53. As a direct and proximate result of Defendants' unlawful conduct, Gomez suffered emotional pain and injuries.

## PUNITIVE DAMAGES

54. Defendant Infanger acted knowingly, deliberately, intentionally, and maliciously without regard for Gomez's rights, interests, and well-being.

55. Defendant Infanger exhibited a reckless or callous disregard for Gomez's constitutional, statutory, and common law rights; Defendant Infanger intentionally violated federal law; and/or Defendant Infanger's conduct was precipitated by evil motive or intent. Accordingly, imposition of punitive damages is proper and warranted under 42 USC §§1983 and 1985.

56. Defendant Infanger's unlawful acts and omission were willful and/or reckless; Defendant Infanger deliberately acted with indifference to the high probability of injury to Gomez. Such conduct justifies the imposition of punitive damages under MCA §§ 27-1-220, 221, in the amount sufficient to punish Defendant Infanger and to serve as a warning to other persons and legal entities similarly situated that conduct of the kind engaged in by Defendant Infanger is unacceptable in our society and will not be tolerated.

## ATTORNEYS' FEES

57.     Pursuant to 42 USC §1988, the Court may allow an award of attorneys' fees to Gomez if he prevails on claims asserted under 42 USC §1983.

58.     Gomez is entitled to recover reasonable attorneys' fees for violations of state constitutional rights under Montana's private attorney general doctrine.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

1.     For damages in a reasonable amount to compensate Gomez fully for deprivation of his constitutional rights;

2.     For damages in a reasonable amount to compensate Gomez fully for all injuries.

3.     For punitive damages in an amount sufficient to punish Defendants and serve as a warning to other similarly situated persons and entities that such conduct will not be tolerated;

4.     For declaratory and injunctive relief;

5. For attorneys' fees pursuant to 42 USC §1988 and the private attorney general doctrine;

6. For reimbursement of costs and expenses of suit; and

7. For such further relief as the Court deems fair and just.

Dated this 14th day of October, 2024.

<u>/s/Timothy M. Bechtold</u>
BECHTOLD LAW FIRM, PLLC
Attorney for Plaintiff